UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SVS SECURITY LLC, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00997-RFB-DJA<br><br>ORDER |

Before the Court is Plaintiff's Motion for Judgment on the Pleadings (ECF No. 51). Based the Court's narrow review of the pleadings, the motion is denied.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

On November 8, 2023, Defendants Henry Willis Webb, Jr. and Meisha Larita Webb ("Webb Defendants") filed a negligence and wrongful death action ("*Webb* Action") against Defendant SVS Security LLC ("Defendant SVS") in the Clark County District Court. See ECF No. 1-4.

On May 28, 2024, Plaintiff Kinsale Insurance Company ("Kinsale") filed its original complaint before this Court. See ECF No. 1. Then, on July 13, 2024, Plaintiff filed its First Amended Complaint, adding the Webb Defendants to these proceedings. See ECF No. 17. Plaintiff seeks declaratory relief regarding 2 insurances policies it issued to Defendant SVS ("Insurance Policies"). See id. Specifically, Plaintiff asks this Court to declare that Kinsale has no duty to defend or indemnify Defendant SVS under the terms of the Insurance Policies. See id. at 14–17. As a corollary, Plaintiff asks this Court to declare that the Webb Defendants cannot proceed against Kinsale and that Kinsale has a right to reimbursement against Defendant SVS. See id. at 16–17.

On October 4, 2024, Defendant SVS filed its original answer. See ECF No. 27. Then, on

October 23, 2024, the Parties filed a Stipulation to Allow Defendant SVS Security LLC to File Amended Answer Pursuant to Fed. R. Civ. P. Rule 15. See ECF No. 37. With this Court's approval, Defendant SVS filed an amended answer on November 1, 2024. See ECF No. 39. Finally, on November 12, 2024, the Webb Defendants filed their answer to Plaintiff's First Amended Complaint. See ECF No. 41.

On January 24, 2025, Plaintiff filed the instant Motion for Judgment on the Pleadings, urging the Court to find that Kinsale has no duty to defend or indemnify Defendant SVS in connection with the *Webb* Action. See ECF No. 51. Concurrently, Plaintiff also filed its Request for Judicial Notice of various pleadings and exhibits. See ECF No. 52.

On February 14, 2025, the Webb Defendants filed their response to Plaintiff's Motion for Judgment on the Pleadings. See ECF No. 58. That same day, Defendant SVS filed its response to the instant motion. See ECF No. 60.

On February 28, 2025, Plaintiff filed its reply regarding its Motion for Judgment on the Pleadings. See ECF No. 62. Concurrently, it also filed a series of evidentiary objections related to the Webb Defendants' response. See ECF No. 63

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For the purposes of a Rule 12(c) motion, a district court must limit its analysis to "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Davidson v. Korman, 532 Fed.Appx. 720, 721 n.1 (9th Cir. 2013) (unpublished disposition) (citing Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012); Dworkin v. Hustler Mag. Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)). "[T]he allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989); see also Beal v. Mo. Pac. R. R. Corp., 312 U.S. 45, 51 (1941) ("[D]enials and allegations of the answer which are well pleaded must be taken as true."). "Only if it appears that, on the facts so admitted, the moving party is clearly entitled to prevail can the motion be granted." Austad v. U.S., 386 F.2d 147, 149 (9th Cir. 1967). "Generally, district courts have been

unwilling to grant a Rule 12(c) dismissal unless the movant clearly establishes that no material issue of fact remains to be resolved and that [they are] entitled to judgment as a matter of law." Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984) (citations and internal quotation marks omitted).

### III.  DISCUSSION

Since Plaintiff is moving for judgment on the pleadings, the Court must assume that any allegations denied by Defendants are false. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). Together, Defendants deny almost all of Plaintiff's factual allegations by asserting a lack of knowledge and information. See FED. R. CIV. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). Relevant here, the Webb Defendants deny all allegations regarding the content of the Insurance Policies. Thus, the pleadings create a lattice of factual disputes, particularly regarding the very provisions that allegedly insulate Plaintiff from any obligations related to the *Webb* Action. Accordingly, the Court cannot conclude that Plaintiff is entitled to judgment as a matter of law at this stage of the proceedings.

To be clear, the Court expresses no opinion as to the content of the Insurance Policies or the merits of Plaintiff's complaint. Rather, the Court's analysis is limited by the procedural posture of Plaintiff's motion. Since Defendants' denials are sufficient to defeat Plaintiff's motion, the Court need not reach Plaintiff's evidentiary objections or requests for judicial notice.

### IV.  CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 51) is **DENIED**.

**DATED:** September 28, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**