MATTHEW J. HAFEY (admitted Pro Hac Vice)
mhafey@nicolaidesllp.com
TIMOTHY P. KITT (SBN: 11828)
tkitt@nicolaidesllp.com
KHRYS WU (admitted Pro Hac Vice)
kwu@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
777 South Figueroa Street, Suite 750
Los Angeles, CA 90017
Telephone:   (213) 402-1245
Facsimile:    (213) 402-1246

Jeffrey W. Saab (Nevada SBN: 11261)
jsaab@bremerwhyte.com
BREMER, WHYTE, BROWN & O'MEARA, LLP
1160 N. Town Center Drive, Suite 250
Las Vegas, Nevada 89144
Telephone:   (702) 258-6665
Facsimile:    (702) 258-6662
*Designated solely for personal service pursuant to Nev. SCR 42.1*

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>SVS SECURITY LLC, a Nevada limited liability company; HENRY WILLIS WEBB, JR., an individual; MEISHA LARITA WEBB, an individual and Special Administrator of the Estate of Breeana Larita Webb (Deceased),<br><br>Defendants. | Case No. 2:24-cv-00997-RFB-DJA<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**WHEREAS** the parties reasonably believe that certain documents and deposition testimony in this action may contain information which is either confidential, subject to a party's right to privacy (either under the Constitution of the United States or the State of Nevada), proprietary, a trade secret, or otherwise worthy of protection from disclosure to the general public; and

**WHEREAS** the parties have met and conferred and agree that certain materials and deposition testimony in this action are worthy of such protection and that an appropriate, agreed Protective Order will suffice to afford the parties of that protection;

**IT IS HEREBY STIPULATED AND AGREED** and requested by the parties to this action that the Court enter a Protective Order in the form attached as Exhibit "A" for the use of the parties and protection of certain documents and testimony in this action only.

**IT IS FURTHER STIPULATED AND AGREED** that until this proposed Protective Order has been signed and entered by the Court, any documents or testimony designated "CONFIDENTIAL" pursuant to the terms of the proposed Protective Order shall be treated by the parties as

CONFIDENTIAL according to its terms and not disclosed to any third party absent a court order.

Dated: October 15, 2025

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: _____
Matthew J. Hafey (*admitted Pro Hac Vice*)
Timothy P. Kitt
Khrys Wu (*admitted Pro Hac Vice*)
Attorneys for Plaintiff KINSALE INSURANCE COMPANY

Dated: October 15, 2025

REISMAN SOROKAC

By: _/s/ Jody Hagins_____
Joshua Reisman
Jody Hagins
Attorneys for Defendant SVS SECURITY LLC

Dated: October 15, 2025

CHRISTIANSEN TRIAL LAWYERS

By: _/s/ Whitney Barrett_____
Peter S. Christiansen
Whitney Barrett
Attorneys for Defendants HENRY WILLIS WEBB, JR. and MEISHA LARITA WEBB

### STATEMENT OF AUTHORITY TO FILE

I attest that all signatories on this document and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing of this document.

By: _____
Matthew J. Hafey

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>SVS SECURITY LLC, a Nevada limited liability company; HENRY WILLIS WEBB, JR., an individual; MEISHA LARITA WEBB, an individual and Special Administrator of the Estate of Breeana Larita Webb (Deceased),<br><br>Defendants. | Case No. 2:24-cv-00997-RFB-DJA<br><br>**PROTECTIVE ORDER** |

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order ("Order"). This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This

Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. IA 10-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order. Any use of Protected Material at trial shall be governed by the orders of the trial judge.

**2.     DESIGNATING PROTECTED MATERIAL**

2.1     **Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

2.2     **Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend "CONFIDENTIAL" to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.

It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from receipt of the deposition transcript or proceeding to make its designation.

      2.2.1 A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

      2.2.2 If a party anticipates that anyone not authorized to receive designated material may be present at a deposition or other proceeding, the party shall give advance notice so that the other parties have the opportunity to object. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared shall be treated as if it had been designated CONFIDENTIAL for a period of 21 days from the delivery of the transcript to the parties. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

A party may designate the entirety of the Testimony at the deposition as CONFIDENTIAL (before the deposition is concluded) with

the right to identify more specific portions of the Testimony as to which protection is sought within 21 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing CONFIDENTIAL Information may be separately bound by the court reporter, who must affix to the top of each page the legend CONFIDENTIAL as instructed by the designator.

2.3 **Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the materials is treated according to this Order.

3. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 26-6.

4. **ACCESS TO DESIGNATED MATERIAL**

4.1 **Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order. Attorneys for a party or the party itself  himself  themselves shall not be permitted to use any designated material obtained in this case as proof of facts in any other case. Any such evidence or discovery for use in another case must be conducted independently of any information designated as CONFIDENTIAL in this case.

4.2 **Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

       4.2.1 The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

       4.2.2 The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

       4.2.3 Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

       4.2.4 The Court and its personnel;

       4.2.5 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

       4.2.6 During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

       4.2.7 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

   5.1   **Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

5.2  **Notification requirement.**  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL that party must:

    5.2.1 Promptly notify the designator in writing.  Such notification shall include a copy of the subpoena or court order;

    5.2.2 Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

    5.2.3 Cooperate with all reasonable procedures sought by the designator whose material may be affected.

5.3  **Wait for Resolution of Protective Order.**  If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

6. <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to be Bound (Exhibit A).

## 7. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## 8. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material.  A party seeking to file under seal any designated material must comply with L.R. IA 10-5.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.  Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal, addressing the standards articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a receiving party's request to file designated material under seal pursuant to L.R. IA 10-5 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks

reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

9. **FINAL DISPOSITION**

After termination of the representation of a client, counsel in possession of any material designated as confidential at the expiration of the appropriate amount of time as required by Rule 1.15 of the Nevada Rules of Professional Responsibility ("NRPC") and, to the extent longer than the timeframe required by NRPC 1.15(a), the expiration of applicable statutes of limitation for collateral claims, will destroy or return the documents to the designating party. Counsel in possession of the materials has the option to determine whether the materials are destroyed or returned. Upon the request of counsel for the Designating Party or the Court, counsel in possession of the materials will execute an affidavit or declaration attesting that all such documents and copies of such documents have been returned or destroyed. Any other person in receipt of confidential material as set forth in 4.2, supra, aside from counsel, to whom disclosure was made agree to return or destroy all confidential material to the designating party within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

contain designated material.  Any such archival copies remain subject to this Order.

    IT IS SO ORDERED.

DATED:  10/16/2025

United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____, POSITION AND EMPLOYER , am about to receive confidential materials supplied in connection with the Proceeding, Civil Action No. _____. I certify that I understand that the confidential materials are provided to me subject to the terms and restrictions of the Order filed in this Proceeding. I have been given a copy of the Order; I have read it, and I agree to be bound by its terms.

I understand that the confidential materials, as defined in the Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Order. I will not copy or use, except solely for the purposes of this Proceeding, any confidential materials obtained pursuant to this Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all confidential materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct. Executed this _____ day of _____, 20___, at _____.

Signature:
Printed Name:
Date:
Address: